## Ronald F. PETERSON, d/b/a Christina Construction

### v.

## James FEENEY et al.

### No. 00–151–Appeal.

Supreme Court of Rhode Island.

April 19, 2001.

Timothy J. Morgan, Barrington.

Gladys L. Cok, pro se.

### ORDER

The defendant, Gladys L. Cok (Cok),[1] appeals pro se from an order granting a post-judgment motion to attach certain of her property. The plaintiff, Ronald F. Peterson d/b/a Christina Construction (Peterson), is a contractor who performed repair work on the defendant's house and who obtained summary judgment in his

---

1. The other defendants, James Feeney, in his capacity as director of the Community Development Agency for the city of Warwick, and John Martin, in his capacity as treasurer of the city of Warwick, successfully moved for summary judgment earlier in the proceedings, and the plaintiff took no appeal from that ruling. Therefore, they are not parties to the present appeal.

favor against Cok. Cok had obtained a loan from the Warwick Community Development Agency (CDA), which provided low cost loans to city residents, for construction work on a house she owned in Warwick. After reviewing the prebriefing statements, a single justice of this Court ordered the parties to show cause why this appeal should not be decided summarily. Because they have not done so, we proceed to resolve the appeal at this time.

This is the second time these parties have been before this Court in this case. The first was on Cok's direct appeal from the entry of summary judgment in Peterson's favor. After hearing the appeal, we affirmed in an unpublished order. After this Court's affirmance, Peterson moved to release certain funds that he believed Cok had placed into the registry of the court. The Superior Court granted that motion, but when Peterson tried to withdraw the money, he discovered that the funds had not been placed in the registry. Thereafter, he moved "to attach [Cok's] stock or shares in any banking association or incorporated company" in the amount of $7,720.25. Cok, in turn, filed a motion to vacate the order to release funds from the court registry and for a new trial. The Superior Court granted the motion to attach, but it denied Cok's motion to vacate and for a new trial.

At the hearing, Peterson explained that the amount of the underlying judgment was $3,200, plus attorney's fees and interests and costs. Because the CDA still held the funds to pay the $3,200, Peterson sought to recover only the remainder of the judgment (for attorney's fees, interests, and costs) from Cok. But Cok opposed the motion to attach by arguing in general about the alleged injustice of Peterson's case against her. The motion justice granted the motion to attach after he clarified that Peterson was merely seeking to attach property in this proceeding, and was not yet introducing evidence in support of his claim for attorney's fees. He also denied Cok's motion to vacate and for a new trial.

On appeal, Cok argues that the writ of attachment should not have been issued, that Peterson's attorney should not receive any fees, and that Peterson should not receive full payment in any event because he did not satisfactorily complete the work on her house. Peterson responds that only the motion to attach is properly before this Court on this appeal. That motion was properly granted, according to Peterson, because Cok failed to claim any exception or exemption from attachment under federal or state law. Regarding Cok's other contentions, Peterson suggests that because there were no funds in the registry of court, the court's order granting the motion to release such funds became moot. Therefore, he contends, Cok's motion to vacate that order was also moot. Peterson also suggests that there was no basis for Cok's new trial motion. For the reasons set forth below, we agree with Peterson.

With respect to the denial of Cok's motion to vacate, the motion justice did not abuse his discretion because—given the absence of such funds in the registry—the order granting the release of such funds became moot. *Cf. Crystal Restaurant Management Corp. v. Calcagni*, 732 A.2d 706, 710 (R.I.1999) (holding that motions to vacate a judgment are addressed to the sound discretion of trial justice). Once it became apparent that the court registry lacked any funds on deposit, the order to release these funds from the registry became essentially meaningless. Thus, no particular reason existed to vacate the order, and the denial of the motion certainly caused no harm to Cok.

Next, we hold that the denial of Cok's motion for a new trial was proper. Because the case had been decided on a motion for summary judgment, no trial had occurred; therefore, Cok could not seek a new trial. Moreover, even if there had been a trial, Cok would have had only ten days from the entry of judgment to request a new one. *See* Super.R.Civ.P. 59(b). Her motion for a new trial was not filed within ten days from the entry of the judgment. Thus, Cok's motion was untimely in any event.

With respect to attorney's fees, Cok's arguments are also not properly before this Court. Peterson's request for attorney's fees occurred in the context of his motion for summary judgment. He submitted an affidavit in support of attorney's fees along with his motion for summary judgment, but it is not clear from the record whether the motion justice addressed the question of attorney's fees in granting the motion for summary judgment. As the motion justice stated in ruling on the request for an attachment, the issue of attorney's fees was not before him. He explained that the proof of claim for attorney's fees would have to be heard on the formal and special cause calendar. In any event, Cok's assertions regarding attorney's fees are not properly before us at this time.

In sum, Cok has not provided us with any legitimate reason to overturn the Superior Court's order granting the motion to attach. Peterson duly provided notice and an opportunity for Cok to be heard. *See* Super.R.Civ.P. 69 ("Execution, supplementary proceedings, attachment, and trustee process after judgment"). *Cf.* G.L. 1956 § 10–5–2 (providing prejudgment attachment procedures); § 10–17–2 (providing trustee process procedures). As Peterson has pointed out, Cok did not claim any exemption from attachment under federal or state law. Moreover, he has a valid judgment against Cok which has been affirmed by this Court. Thus, post-judgment attachment was properly permitted in these circumstances.

Finally, Peterson argues that Cok's appeal was frivolous and, therefore, she should be sanctioned by this Court and required to pay for his attorney's fees on appeal. Although we agree that Cok's appeal was indeed frivolous, we shall refrain at this time—in deference to her pro se status—from requiring her to pay for Peterson's attorney's fees and other costs. But any further frivolous filings from Cok shall result in sanctions against her for attorney's fees and other costs incurred in responding to such filings.

For these reasons we deny the appeal and affirm the Superior Court's order.

Chief Justice Williams did not participate.